UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN T. ROBY, | ) |
|     Plaintiff | ) |
| | ) CAUSE NO. 3:05-CV-046 RM |
| v. | ) |
| INDIANA STATE PRISON, | ) |
|     Defendant | ) |

OPINION AND ORDER

Steven T. Roby, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Roby alleges that he has one shirt and underpants which are deteriorating because they have been washed so many times. In a prison grievance attached to Mr. Roby's filings, he states that he has received three underpants between September 17, 2004 and October 22, 2004. He states that because of this, he must wear the same shirt all week and the same underpants for two or three days. In response to Mr. Roby's grievances, he was told that clothing has been ordered and that it will be distributed as needed upon receipt.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, Farmer, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971). While wearing the same shirt for a week before it is washed and wearing the same underpants for two or three days

may be unpleasant and uncomfortable, doing so doesn't deny Mr. Roby the minimal civilized measure of life's necessities and it does not violate his Constitutional rights. Furthermore, the grievance response does not indicate deliberate indifference.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). While the delayed clothing order might indicate inefficiency or incompetence, knowing that Mr. Roby had only one shirt and three underpants is not actual knowledge of a serious risk of harm.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED

ENTERED: April __7__, 2005

　　　　　　　　　　　　　　　　　　___/s/ Robert L. Miller, Jr._____
　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court